## PEOPLE *v.* RYAN.

(*Supreme Court, General Term, First Department.* January 10, 1890.)

ASSAULT AND BATTERY—RESCUE.

On a trial for an assault in the second degree, it appeared that a police officer, at 11 o'clock at night, had, without a warrant, arrested one M., on receiving information that he had been robbing another; that M. submitted to the authority of the officer, and in no manner questioned his right or duty to make the arrest; that, while thus having M. in custody, the officer was approached by defendant, who solicited M.'s release; and that on the officer's refusal defendant struck him a blow in the face, and forcibly released M., when both made their escape. *Held* that, as Code Crim. Proc. N. Y. § 179, provides that an officer may, in the night-time, without a warrant, arrest a person whom he has reason to believe has committed a fel-

ony, M. was lawfully apprehended, within the meaning of Pen. Code N. Y. § 218, subd. 5, which provides that, where one assaults another with intent to resist or prevent the "lawful apprehension or detention of himself or any other person, [he] is guilty of assault in the second degree."

Appeal from court of general sessions, New York county.

Indictment of Cornelius E. Ryan, under Pen. Code N. Y. § 218, subd. 5, which provides that, where one assaults another with intent to resist or prevent the "lawful apprehension or detention of himself or any other person, [he] is guilty of assault in the second degree." From a judgment of conviction, defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and DANIELS, JJ.

*Purdy & McLaughlin,* for appellant. *John R. Fellows,* Dist. Atty., *(McKenzie Semple,* Asst. Dist. Atty., of counsel,) for the People.

DANIELS, J. The defendant was charged in the indictment with a violation of subdivision 5, § 218, Pen. Code. It was alleged that he had feloniously made an assault upon a patrolman of the municipal police force of the city of New York, who was at the time engaged in the lawful apprehension of one Charles Madden, and then and there did feloniously beat, strike, wound, and otherwise ill-treat him, with intent thereby to prevent and resist the lawful apprehension of the said Charles Madden. It has been conceded by the counsel for the defendant that an assault was proven to have been committed by him upon the officer, and that it was done with intent to rescue the prisoner whom he then had in charge. This concession is fully warranted by the evidence which was given upon the trial; for it appeared from the testimony of the officer that he had made the arrest of Madden, and was then solicited by the defendant to discharge him; and not having done so he received a blow in the face with the fist from Ryan, and after that the defendant caught hold of his arm, and released his hold from the prisoner whom he had in charge; and that the prisoner and the defendant then ran away. And this evidence was to a material extent corroborated by the testimony of the witness James Davis, who was sworn and examined for the prosecution upon the trial.

The objection that has mainly been relied upon in support of the appeal is that the officer is not shown to have lawfully apprehended Madden. But it appeared from the testimony of the officer that he was informed by the person who kept a liquor store on the corner, near the place where Madden was arrested, that this man Madden was "going through a man," which was understood, and appears to have been intended to be so understood, as charging the commission of the crime of highway robbery. It was upon this information that the arrest of Madden was made, and the accusation is stated in fact to have been that of robbery. This arrest took place about 11 o'clock at night, on the 15th of September, 1888. And this evidence tended to prove the lawful apprehension of Madden by the officer, as that has been required to create the offense by this subdivision of the Penal Code; for by section 179 of the Code of Criminal Procedure the officer was warranted in the night-time to arrest the person without a warrant when he had reason to believe he had committed a felony. And the information which was given to him by the person keeping the liquor store, as well as the position in which Madden was found by him, supplied him with reason to believe that this felony had been committed by the person whose arrest was made; and the manner in which Madden submitted to his apprehension and detention had a tendency to confirm that belief. The proof, as it was given upon the trial, justified the jury in assuming and finding that Madden submitted to the authority of the officer, and in no manner questioned his right or duty to make the arrest; and the defendant officiously interfered to release Madden from the custody of the officer, and did so, as the jury were warranted in believing from the evidence, by making an assault upon him, and, with the combined assistance of Mad-

den himself after that, securing the release of the latter. Neither of the authorities which have been referred to by the counsel for the defendant support the position that the case was not a proper one for the jury, or that in any respect the proof submitted to them was insufficient. It is true that the defendant denied the assault, and the interference with which he was charged, but that denial did not exclude the case, in any sense, from the consideration of the jury; and their verdict is well sustained by the evidence which was submitted to them. The judgment should be affirmed. All concur.